DA 10-0363

FILED

February 8 2011

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 16N

STATE OF MONTANA,

        Plaintiff and Appellee,

   v.

CHARLES DAVID STAMBAUGH,

        Defendant and Appellant.

APPEAL FROM:   District Court of the Nineteenth Judicial District,
In and For the County of Lincoln, Cause No. DC 10-08
Honorable Michael C. Prezeau, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

        Charles D. Stambaugh, (self-represented litigant); Libby, Montana

      For Appellee:

        Steve Bullock, Montana Attorney General; Matthew T. Cochenour,
Assistant Attorney General; Helena, Montana

        Bernard G. Cassidy, Lincoln County Attorney; Robert Slomski,
Deputy County Attorney; Libby, Montana

Submitted on Briefs:  January 20, 2011

Decided:   February 8, 2011

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited as precedent.

¶2 Following his convictions for criminal mischief and resisting arrest, Charles Stambaugh (Stambaugh) appeals the denial of his requests for continuance of trial. He also seeks dismissal of his convictions on the basis that the charging documents failed to meet the requirements of § 46-11-401, MCA, and that the District Court erroneously admitted testimony of the arresting officer. Lastly, Stambaugh challenges the propriety of his arrest under § 46-6-312, MCA, claiming the officers failed to properly identify themselves.

¶3 We affirm.

¶4 On May 11, 2009, officers responded to a noise complaint at Stambaugh's residence. According to the officers, Stambaugh was uncooperative and physically aggressive toward the officers and their patrol car. He was charged with disorderly conduct, obstructing a peace officer, criminal mischief, and resisting arrest. Before the Justice Court, Stambaugh filed a motion to dismiss on the ground that the complaints against him did not contain the specificity mandated by § 46-11-401, MCA. The court denied his motion. On January 21, 2010, a jury convicted Stambaugh of all charges except obstructing a peace officer, of which he was acquitted. Stambaugh appealed the verdict to the District Court.

¶5 The District Court held an omnibus hearing on March 10, 2010, and a pretrial conference on April 30. Shortly thereafter, the court set a trial date for June 29, 2010.

One week prior to trial, Stambaugh filed a motion for continuance. Despite being represented by counsel, Stambaugh filed the motion *pro se*, claiming, among other contentions, that his attorney had failed to have sufficient contact with him and that he was inadequately prepared to present a competent defense at trial. Stambaugh also stated he might need to find a different attorney.

¶6 The District Court denied the motion. The court noted that Stambaugh had already been represented by three different attorneys during the course of the proceedings, and ruled that nothing would be accomplished by allowing Stambaugh time to find a fourth attorney. Stambaugh then filed another *pro se* document with the court, in which he stated that his attorney had refused to file several requested motions, including a motion for dismissal based on events occurring in Justice Court. The document also repeated his request for a continuance. The court interpreted the document as a motion to reconsider its order denying Stambaugh's motion for continuance. Observing that the acknowledged remedy for errors in justice court is trial *de novo* in district court, and finding no good cause to continue the trial, the court denied the motion. A jury subsequently found Stambaugh guilty of criminal mischief and resisting arrest and acquitted him of disorderly conduct. Stambaugh timely appealed.

¶7 We have reviewed the record in this case and have considered Appellant's arguments. It is manifest from the record before us that to the extent such claims properly have been preserved for appellate review, they are without merit.

¶8 Two of Stambaugh's arguments must be dismissed by this Court under the well-established principle that we will not consider an argument made for the first time on

3

appeal. The first such argument is the contention that the District Court improperly admitted the testimony of Officer Place, because it allowed him to testify as an expert regarding damages to the patrol car. Stambaugh did not object on these grounds at trial and is thus precluded from doing so on appeal, since his objection at trial was premised on an entirely different theory. *State v. DeTienne*, 218 Mont. 249, 256, 707 P.2d 534, 538 (1985). Similarly, we decline to review Stambaugh's claim that his arrest was improper due to the officers' failure to identify themselves as required by § 46-6-312, MCA, as he failed to make this argument in the trial court.

¶9 Stambaugh's other claims are controlled by established law. Stambaugh's request for a continuance was chiefly premised on his attorney's refusal to file a motion for dismissal based on improprieties occurring in Justice Court. As the District Court correctly observed, however, the sole remedy for errors made in justice court is trial *de novo* in district court. Given this fact, and given that the charges against him were straightforward, had been pending for months, would require minimal preparation by an experienced attorney, and that he testified that he could not afford a private attorney, we conclude that Stambaugh's claims are controlled by *State v. Klemann*, 194 Mont. 117, 634 P.2d 632 (1981). Under *Klemann*, this Court will not overturn the trial court's denial of a motion for continuance without a showing of prejudice to the movant. *Id.* at 120, 634 P.2d at 634. The record in the present case is devoid of any such showing.

¶10 Lastly, Stambaugh's claim that his charging documents were inadequate due to misstated subsections of the statutes under which he was charged also must fail. There can be no serious contention that Stambaugh did not understand the charges against him,

4

especially after sitting through an entire trial in Justice Court on those charges. *State v. Wilson*, 2007 MT 327, ¶ 25, 340 Mont. 191, 172 P.3d 1264.

¶11    Thus, applying the standards of review applicable to the issues properly preserved on appeal (*Stevens v. Novartis*, 2010 MT 282, ¶ 24, 358 Mont. 474, ___ P.3d ___; *State v. Molder*, 2007 MT 41, ¶ 19, 336 Mont. 91, 152 P.3d 722), we conclude that the District Court's findings of fact are supported by substantial evidence, that the court's conclusions of law are correct, and that its rulings were clearly within the broad discretion afforded the trial court.

¶12    Accordingly, the judgment of the District Court is affirmed.


/S/ BETH BAKER


We concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ MICHAEL E WHEAT
/S/ JIM RICE